IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Matthew Eversole being first duly sworn, hereby deposed, and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and have been so employed since April of 2021. As such, I am an investigative or law enforcement officer of the United Stated within the meaning of 18 U.S.C. § 2510 (7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I have received training and have gained experience in all aspects of law enforcement, including interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer evidence identification, computer evidence seizure and processing, and various other criminal laws and procedures. I have not included every detail of every aspect of my training, education, and experience but have highlighted those areas most relevant to this affidavit.

2. The information contained in this affidavit details a summary of the investigative efforts that led to the arrest of Martaveus BELL. I am familiar with the facts and circumstances of this case. The facts set forth in this affidavit are based: on my personal observations; knowledge obtained from other agents and other individuals; my review of documents related to this investigation; oral and written communications with others who have personal knowledge of the events and circumstances described herein; and review of public source information, including information available on the Internet. Since this affidavit is being submitted for a

limited purpose, I have not included each and every fact I know concerning this investigation. Rather, I have set forth only the facts that relate to the issue of whether probable cause exists to support the issuance of the requested criminal complaint. Where statements of others or the contents of records are related herein, they are related in substance and in part, except where otherwise indicated. Dates, times, figures, and calculations reported in this affidavit are approximate.

3. The United States, including Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Winchester Police Department (WPD) and Gateway Area Drug Task Force (GADTF), is conducting a criminal investigation of Martaveus BELL (hereinafter, "BELL") regarding possible violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1).

4. On February 18th, 2025, investigators utilized a confidential informant (CI) to conduct a controlled purchase of suspected methamphetamine from BELL in the parking lot of Sallie Jane's, a local business, located at 161 East Reynolds Road in Lexington, Kentucky, which is within the Eastern District of Kentucky. Investigators observed BELL arrive in a 2024 Buick Encore GX bearing Maryland registration plate: 9GG1183 registered to EAN Holdings LLC. The CI met with BELL and entered the rental vehicle. The CI provided BELL with buy funds in exchange for the suspected methamphetamine. The transaction was audio/video recorded. Upon completion, investigators met with the CI and obtained approximately three (3) ounces of suspected methamphetamine, including packaging. The suspected methamphetamine was submitted to the DEA Lab for testing where it was confirmed to be, in fact, methamphetamine, a Schedule II controlled substance, with a net weight of 83.8 grams. Additionally, purity analysis showed that the substance was 100% pure with a pure substance weight of 83.8 grams.

5. Following the controlled transaction on February 18th, 2025, the CI was shown a sanitized photograph of BELL. The CI confirmed that the photograph depicted the individual with whom they had conducted the transaction.

6. On February 27th, 2025, investigators utilized a CI to conduct a controlled purchase of suspected methamphetamine from BELL in the parking lot of Sami's Car Wash located at 150 Old Todds Road in Lexington, Kentucky, which is within the Eastern District of Kentucky. Investigators observed BELL arrive in the same 2024 Buick Encore GX bearing Maryland registration plate: 9GG1183 registered to EAN Holdings LLC. The CI met with BELL and entered the rental vehicle. The CI provided BELL with buy funds in exchange for the suspected methamphetamine. The transaction was audio/video recorded. Upon completion, investigators met with the CI and obtained approximately 141 grams of suspected methamphetamine, including packaging. The suspected methamphetamine was submitted to the DEA Lab for testing where it was confirmed to be, in fact, methamphetamine, a Schedule II controlled substance, with a net weight of 138.94 grams. Additionally, purity analysis showed that the substance was 91% pure with a pure substance weight of 126.43 grams.

7. On March 5th, 2025, investigators utilized a CI to conduct a controlled purchase of suspected methamphetamine from BELL in a parking lot located in the area of Thoroughbred Way and Mustang Crossing Drive in Lexington, Kentucky which is within the Eastern District of Kentucky. Investigators observed BELL arrive, again, in the 2024 Buick Encore GX bearing Maryland registration plate: 9GG1183 which is registered to EAN Holdings LLC. The CI met with BELL and entered the rental vehicle. The CI provided BELL with buy funds in exchange for the suspected methamphetamine. The transaction was audio/video recorded. Upon completion, investigators met with the CI and obtained approximately 218 grams of suspected

methamphetamine, including packaging. The suspected methamphetamine was submitted to the DEA Lab for testing where it was confirmed to be, in fact, methamphetamine, a Schedule II controlled substance, with a net weight of 214.87 grams. Additionally, purity analysis showed that the substance was 94% pure with a pure substance weight of 201.97 grams.

8. On March 11th, 2025, investigators utilized a CI to conduct a controlled purchase of suspected methamphetamine from BELL in the Marathon gas station parking lot located at 3527 Lansdowne Drive in Lexington, Kentucky, which is within the Eastern District of Kentucky. Earlier this date, your Affiant instructed the CI to send the following text message to BELL: "Do you know of anyone that has straps for sell? I have some people asking and I could flip them. I wouldn't mind having one now as well since my business picked up." BELL replied, "Idk. Pawn shop." The CI replied, "Can't I'm a felony." BELL replied, "Idk holla eht u in person." After the conversation, investigators proceeded with the controlled purchase. Investigators observed BELL arrive in the 2024 Buick Encore GX bearing Maryland registration plate: 9GG1183 which is registered to EAN Holdings LLC. The CI met with BELL and entered the rental vehicle. The CI provided BELL with buy funds in exchange for the suspected methamphetamine. The transaction was audio/video recorded. Upon completion, investigators met with the CI and obtained approximately 88 grams of suspected methamphetamine, including packaging. The suspected methamphetamine was submitted to the DEA Lab for testing where it was confirmed to be, in fact, methamphetamine, a Schedule II controlled substance, with a net weight of 86.23 grams. Additionally, purity analysis showed that the substance was 85% pure with a pure substance weight of 73.29 grams.

9. After the controlled purchase of suspected methamphetamine, BELL contacted the CI via telephone and advised the CI he had a firearm for sale. BELL instructed the CI to meet

4

at the Marathon located at 1392 Trent Boulevard, Lexington, Kentucky which is within the Eastern District of Kentucky. The CI proceeded to meet with BELL and enter the rental vehicle. The CI provided BELL with $500 in pre-recorded buy funds in exchange for the firearm. The transaction was video recorded. (Note: The audio failed to work properly during this transaction.) Upon completion, investigators met with the CI and obtained a Taurus, Model: PT 24/7 G2C, .45 caliber pistol, Serial Number: NEY85346 and ten (10) rounds of .45 caliber ammunition.

10. On March 12th, 2025, investigators utilized a CI to conduct a controlled purchase of a firearm from BELL in a parking lot located in the area of Thoroughbred Way and Mustang Crossing Drive in Lexington, Kentucky which is within the Eastern District of Kentucky. Investigators observed BELL arrive in the 2024 Buick Encore GX bearing Maryland registration plate: 9GG1183 which is registered to EAN Holdings LLC. The CI met with BELL and entered the rental vehicle. The CI provided BELL with buy funds in exchange for the firearm. The transaction was audio/video recorded. Upon completion, investigators met with the CI and obtained a Taurus, Model: G2C, 9mm caliber pistol, Serial Number: ACB502883 with an extended magazine containing twenty-one (21) rounds of 9mm caliber ammunition.

11. Based on a review of BELL's criminal history, your Affiant is aware that BELL has multiple felony convictions. Most recently, BELL was convicted of Manslaughter-1st Degree, a felony offense under Kentucky state law and punishable by imprisonment for a term exceeding one year, by final judgment of the Fayette Circuit Court in 2016 in Case No. 15-CR-00330, receiving a ten (10) year sentence for the offense. Additionally, ATF Interstate Nexus Expert SA Ryan Caudill determined that interstate and/or foreign commerce was affected by the movement of the Taurus, Model: PT 24/7 G2C, .45 caliber pistol, Serial Number: NEY85346

and the Taurus, Model: G2C, 9mm caliber pistol, Serial Number: ACB502883. The firearms were not manufactured in the Commonwealth of Kentucky and, therefore, had crossed state lines prior to BELL's possession on March 11th and 12th, 2025.

12. In addition to the CI's identification of BELL, your Affiant has reviewed the aforementioned recordings of the transactions and has confirmed that the subject observed in said recordings is Martaveus BELL. Your Affiant has done so, in part, by comparing said subject to BELL's driver's license photograph.

## CONCLUSION

13. Based on the foregoing, there is probable cause to believe that between on or about February 18th, 2025, and continuing through March 11th, 2025, Martaveus BELL knowingly and intentionally distributed methamphetamine (actual) on four (4) occasions, therefore committing violations of 21 U.S.C. § 841(a)(1). Additionally, there is probable cause to believe that Martaveus BELL, a convicted felon, did knowingly and intentionally possess a firearm that was in and affecting interstate commerce in violation of 18 U.S.C. § 922(g)(1) on two (2) separate occasions. I therefore respectfully request the issuance of the proposed arrest warrant.

Respectfully submitted,

/s/ Matthew Eversole
_____
Matthew Eversole
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to me and subscribed by telephone in accordance with Fed. R. Crim. P. 4.1 and 41(d)(3) on the __29th__ day of ___May_____, 2025.

_____/s/ Matthew A. Stinnett_____
Honorable Matthew S. Stinnett
UNITED STATES MAGISTRATE JUDGE